ALLISON M. SCOTT, (SBN: 305989)
Allison.Scott@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, California 90071-3100
Telephone: 213.337.6550
Facsimile: 213.337.6551

*Attorney for Defendant*
*Kohler Co., a Wisconsin corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIGLEY-SIMPSON & HEPPELWHITE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KOHLER CO., a Wisconsin corporation; BLUEWATER MEDIA, LLC, a Florida limited liability company; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:26-cv-4879<br><br>*Removed from Los Angeles County Superior Court Case No. 26SMCV01828*<br><br>**DEFENDANT KOHLER CO.'S NOTICE OF REMOVAL**<br><br><br>Action Filed:  04/01/2026<br>Removal Date:  05/06/2026 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Kohler Co. ("Defendant" or "Kohler") hereby removes, by and through its undersigned counsel of record, the above-captioned civil action filed by Plaintiff Quigley-Simpson & Heppelwhite, Inc. ("Plaintiff") and all claims and causes of action therein from the Superior Court of the State of California, County of Los Angeles ("State Court"), to the United States District Court for the Central District of California ("Court"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As the requisite "short and plain statement of the grounds

1

Case 2:26-cv-01318-PP    Filed 05/06/26    Page 1 of 8    Document 1

HB: 4931-6548-8802.1

for removal," 28 U.S.C. § 1446(a), Kohler states as follows:

## I.     STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this Action under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

2. Subject to Kohler's anticipated Motion to Dismiss and/or to Transfer Venue, for purposes this removal only, venue for this action lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441, because this is the judicial district wherein the action was originally filed and the case is pending.

## II.     PROCEDURAL BACKGROUND

3. On April 1, 2026, Plaintiff filed a civil Complaint against Defendants Kohler, Bluewater Media, LLC ("Bluewater"), and Does 1-20 ("Doe Defendants") in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Quigley-Simpson & Heppelwhite, Inc. v. Kohler Co., et al.*, Case No. 26SMCV01828 (the "State Court Action"). Plaintiff's Complaint sets forth nine causes of action: (1) Breach of Implied Agreement; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Promissory Estoppel; (4) Intentional Misrepresentation; (5) Negligent Misrepresentation; (6) Intentional Interference with Contractual Relations; (7) Intentional Interference with Prospective Economic Advantage; (8) Violation of Bus. & Prof. Code § 17200; and (9) Quantum Meruit/Unjust Enrichment. *See* Summons and Complaint ("Complaint"), attached as Exhibit A.

4. Plaintiff's Complaint alleges that the "Defendants' wrongdoing on [Plaintiff's] enterprise value exceeds $12,000,000." *See* Ex. A, Complaint, at ¶ 53.

5. Kohler has not yet answered, moved, or otherwise responded to the Complaint in the State Court Action.

2

HB: 4931-6548-8802.1

6. Defendant Bluewater has not yet answered, moved, or otherwise responded to the Complaint in the State Court Action.

7. Doe Defendants are unknown and thus have not been served with the Complaint and Summons.

### III. <u>REMOVAL IS TIMELY AND SATISFIES ALL PREREQUISITES</u>

8. Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise" of the initial pleading or summons. The 30-day removal window begins once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

9. Plaintiff served Kohler on April 7, 2026. *See* Ex. A, Complaint at 1; Ex. B, State Court Docket Proof of Service of Summons at 376-77. This Notice of Removal is filed on May 6, 2026, which is within the timeline outlined by the removal statutes and the accompanying case law. *See* 28 U.S.C. § 1446; *Murphy Bros*, 526 U.S. at 354.

10. Kohler has not made a prior application for this or similar relief.

11. Counsel for Kohler contacted Bluewater to obtain consent for removal, and Bluewater consents to the removal of this action. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.").

12. Doe Defendants have not been identified, properly joined, or served as of the date of this Notice, and therefore their consent is not required under § 1446(b). *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) ("all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties.").

13. As required by 28 U.S.C. § 1446(d), all parties to this action (except for

HB: 4931-6548-8802.1

the unidentified Doe Defendants) have been provided with written notice of the filing of this removal, as evidenced by the attached Certificate of Service.

14. As required by 28 U.S.C. § 1446(d), Kohler will promptly file a copy of this Notice of Removal with the Clerk of the California Superior Court, County of Los Angeles, which will advise the State Court of the removal.

15. 28 U.S.C. § 1446(a) requires defendants seeking to remove a civil action to file "a copy of all process, pleadings, and orders served upon such . . . defendants in such action." The documents attached hereto at Exhibit B include "all process, pleadings and orders served" upon Kohler in the State Court Action to date.

## IV. BASIS FOR REMOVAL—DIVERSITY JURISDICTION

16. Under 28 U.S.C. § 1332(a), a district court has original jurisdiction when the controversy is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441 because the citizenship of the real parties in interest is completely diverse and the amount in controversy exceeds the jurisdictional requirement of $75,000.00.

### A. The Parties are Citizens of Different States.

18. Citizenship of the parties is determined by their citizenship status at the commencement of the action and when the case is removed. *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002).

19. A corporation is a citizen of any state where it is incorporated and where its principal place of business is located. *See* 28 U.S.C. § 1332(c).

20. A limited liability company is a citizen of every state of which its owners or members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For purposes of diversity jurisdiction, an individual is a citizen of the state in which they are domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

4

NOTICE OF REMOVAL
HB: 4931-6548-8802.1

21.     Plaintiff is a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California. Plaintiff is, and at all relevant times was, a citizen of California.

22.     Kohler is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Kohler, Wisconsin.  Kohler is, and at all relevant times was, a citizen of Wisconsin.  Kohler is not, and was not at any relevant time, a citizen of the State of California.

23.     Bluewater is a limited liability company organized under the laws of the State of Florida and has six individual members: Andrew B. Latimer, Gina Pomponi, Mark S. Henning, Robert Fallon, Richard Turner, and David Tiberia.  All Bluewater members are citizens of the State of Florida except for Gina Pomponi.  Ms. Pomponi is a citizen of the State of Pennsylvania.  Bluewater thus is not, and was not at any relevant time, a citizen of the State of California.

24.     In determining whether a civil action is removable under 28 U.S.C. § 1332(a), "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).  Accordingly, the citizenship of the Doe Defendants should be disregarded.

25.     Because Plaintiff is a citizen of California, Kohler is a citizen of Wisconsin, Bluewater is a citizen of Florida and Pennsylvania, and the citizenship of the Doe Defendants is disregarded, the complete diversity requirement is met.  *See* 28 U.S.C. § 1332(a).

**B.      The Amount in Controversy Exceeds $75,000.**

26.     Pursuant to 28 U.S.C. § 1332, the amount in controversy based on Plaintiff's claims and damages allegations must exceed the jurisdictional requirement of $75,000.00.  28 U.S.C. § 1332(a) provides that the "amount-in-controversy requirement excludes only interest and costs."  *Guglielmino v. McKee Foods Corp.*,

Case 2:26-cv-01318-PP     Filed 05/06/26     Page 5 of 8     Document 1
NOTICE OF REMOVAL
HB: 4931-6548-8802.1

506 F.3d 696, 700 (9th Cir. 2007) (internal quotation marks omitted).

27. In determining the amount in controversy, the Court assumes the Plaintiff will prevail on each of his claims. *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

28. A defendant need only plausibly allege the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The Ninth Circuit employs "a preponderance of the evidence standard when the complaint does not allege a specific amount in controversy." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400–01 (9th Cir. 2010). Under the "preponderance of the evidence" standard, the amount in controversy can incorporate assumptions, including the maximum amount put into issue, as "the amount in controversy is simply an estimate of the total amount in dispute." *Id.*

29. The law does not require the removing defendant to research, state, and prove the exact amount the plaintiff sought by filing suit. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008). Where the complaint is ambiguous, "a defendant's reasonable extrapolations from the plaintiff's allegations" can establish the amount in controversy. *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1041 (N.D. Cal. 2014).

30. Plaintiff alleges that it has suffered damages in an amount not less than $12,000,000, including reliance damages and deal costs, reputational harm, lost opportunities, lost profits, future revenue, and unjust enrichment to Defendants. *See* Ex. A, Complaint at ¶¶ 4, 53.

31. While Kohler vehemently denies Plaintiff's factual allegations and that Plaintiff is entitled to any of the relief for which it has prayed, Plaintiff has put into controversy an amount in excess of $75,000.00.

32. In sum, Kohler has satisfied its burden to show that the Court has

6

HB: 4931-6548-8802.1

jurisdiction over this Action pursuant to 28 U.S.C. § 1332 and removal jurisdiction pursuant to 28 U.S.C. § 1441(a).

33. By filing this Notice of Removal, Kohler does not waive any defense that may be available to it, including, but not limited to, service, service of process, sufficiency of process, venue, or jurisdiction, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled after removal.

## V.    CONCLUSION

Based on the foregoing, this matter is subject to the original jurisdiction of the Court, under 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Kohler respectfully requests that the matter filed in the Superior Court of California, County of Los Angeles and captioned as *Quigley-Simpson & Heppelwhite, Inc. v. Kohler Co., et al.*, Case No. 26SMCV01828, be removed to the United States District Court for the Central District of California.

DATED:  May 6, 2026.                    Respectfully submitted,

HUSCH BLACKWELL LLP

By: _____
     ALLISON M. SCOTT

Attorney for Defendant Kohler Co.

7

NOTICE OF REMOVAL
HB: 4931-6548-8802.1

*Quigley-Simpson & Heppelwhite, Inc. v. Kohler Co., et al.*
*United States District Court Case No. 2:26-cv-4879*

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Douglas, State of Nebraska. My business address is Husch Blackwell LLP, 14606 Branch Street, Suite 200, Omaha, NE 68154.

On May 6, 2026, I served true copies of the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action as follows:

Jerry L. Kay
Molly K. Madden
Sklar Kirsh, LLP
1850 Sawtelle Blvd, Suite 300
Los Angeles, CA 90025
jkay@sklarkirsh.com
mmadden@sklarkirsh.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent via email to the persons listed above. I did not receive, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Bluewater Media, LLC | Jerry L. Kay |
| co Registered Agent Andrew B. Latimer | Molly K. Madden |
| 14375 Myerlake Circle | Sklar Kirsh, LLP |
| Clearwater, FL 33760 | 1850 Sawtelle Blvd, Ste 300 |
| | Los Angeles, CA 90025 |

**BY FEDERAL EXPRESS, OVERNIGHT DELIVERY:** I caused a copy of the document(s) to be sent from Omaha, Nebraska to the address listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 6, 2026, at Omaha, Nebraska.

*/s/ Alexandra Radcliff*
Alexandra Radcliff

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071-3100
(213) 337-6550